# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-194-FDW

| | |
|---|---|
| GREGORY D. TILLERY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU KALINSKI, et al., )<br>)<br>Defendants. )<br>)  | **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 6).

## I.     BACKGROUND

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] He names as Defendants the following Alexander C.I. employees: Dr. Kalinski, Correctional Officer Lieutenant Johnson, Correctional Officer Bryant, and Nurse John Doe.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff suffers from sickle cell disease. He went through a sickle cell crisis at the end of February/ beginning of March, 2016. Plaintiff declared an emergency and was taken to medical where his vital signs were checked. The nurse was unfamiliar with sickle cell so she wrote a message for the other nurse to handle Plaintiff's issue. Plaintiff told the nurse that fluids and Tylenol did not work and that something needed to be done because he was in pain. The nurse told Plaintiff to check back with

---

[1] Plaintiff filed the Complaint while he was incarcerated at the Marion C.I., and he currently resides at the Mountain View C.I.

1

the nurse at medication call.

When Plaintiff went to the medication call, the nurse at the window said she had been informed of his condition but that there was nothing she could do because his vital signs were good. Plaintiff explained that sickle cell is not determined by vital signs. The nurse again said there was nothing she could do.

Plaintiff continued to complaint to the sergeant and he was sent back to medical where they refused to give him the correct medication again. He was sent back to his cell where his condition worsened because he had not been treated.

During the beginning and middle of March, 2016, Plaintiff's condition became so bad that he could not walk because of severe pain. He declared a medical emergency but was again told there was nothing they could do.

Dr. Kalinski came to Plaintiff's cell and told him that nothing was wrong with him and provided no treatment.

Plaintiff declared numerous medical emergencies but was still given no medical attention for his pain.

Lieutenant Johnson put Plaintiff in the "hole" segregation because, he said, it would be easier for staff to watch over him. (Doc. No. 1 at 5). Plaintiff was in segregation for six days where Officer Bryant would not give him any Tylenol for pain. He was released from segregation and was still in severe pain.

After complaining for several weeks, Plaintiff was finally called to medical for law work where they discovered that something was "really wrong" and had him rushed to the hospital where he received a blood transfusion. (Doc. No. 1 at 5). A doctor discovered that Plaintiff had internal bleeding and said that Plaintiff could have died if he did not go to the hospital when he did. The

2

bleeding was caused by the prison's denial of medical attention for his disease and problems with staff.

Dr. Kalinski refused to refill Plaintiff's prescription when he ran out of medicine. She did not schedule a meeting with Plaintiff and he went without his medication for a month.

He seeks declaratory judgment, injunctive relief, compensatory and punitive damages, the costs of this suit, any other relief the Court deems just, proper, and equitable, and a jury trial.

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore

3

a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

**(a) Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the

4

compliant but who were served). Therefore, to the extent that Plaintiff intended to assert a claim against any of these individuals, it is dismissed without prejudice.

**(b)** **John Doe**

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98 (because it appeared that John Doe was an actual person, it was error for the district court to conclude that, under appropriate circumstances, this type of case would not be permitted).

Plaintiff identifies the John Doe Defendant as a nurse at the Alexander C.I. This information is insufficient to identify John Doe at this time, however, dismissal is without prejudice for Plaintiff to move to amend the Complaint should he be able to identify John Doe during discovery.

**(2)** **Deliberate Indifference**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir.

5

2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Assuming *arguendo* that sickle cell disease constitutes a serious medical need, Plaintiff has adequately alleged that Dr. Kalinski knew about his painful and potentially dangerous condition and nevertheless repeatedly delayed and denied treatment. Plaintiff's medical deliberate indifference claim with therefore be permitted to proceed as to Dr. Kalinski. Plaintiff will be permitted to amend to add the John Doe nurse's name if he is able to learn that individual's identity during discovery.

However, Plaintiff has failed to state a deliberate indifference claim against the Defendant correctional officers. In response to Plaintiff's complaints of pain, Lieutenant Johnson placed Plaintiff in segregation so that he could be monitored more easily by staff. Plaintiff was also repeatedly sent to medical, and Dr. Kalinski was summoned, when Plaintiff complained of pain and declared medical emergencies. With regards to Officer Bryant's alleged failure to give Plaintiff Tylenol, Bryant's actions were consistent with medical personnel's insistence that nothing was wrong with Plaintiff and that nothing could be done for him. See Arnett v. Webster, 658 F.3d 742, 755 (7th Cir. 2011) ("Non-medical defendants … can rely on the expertise of medical personnel."). Moreover, this allegation is self-defeating because it contradicts Plaintiff's allegation

that Tylenol was ineffective to treat his condition. See (Doc. No. 1 at 3) ("I informed the nurse that fluids and tylenol did not work…."). No deliberate indifference is evidence under these circumstances.

Therefore, Plaintiff's deliberate indifference claim will be permitted to proceed against Defendant Kalinski and will be dismissed without prejudice with regards to the John Doe nurse, Officer Bryant, and Lieutenant Johnson.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendant Kalinski for deliberate indifference to a serious medical need. The remaining claims are dismissed without prejudice. Plaintiff may file a superseding Amended Complaint within 14 days in which he may attempt to add parties and cure the deficiencies identified in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claim of deliberate indifference against Defendant Kalinski survives initial review under 28 U.S.C. § 1915.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. Plaintiff shall have 14 days in which to file a superseding Amended Complaint in accordance with this Order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint within the time limit set by the Court, this action will proceed on the original Complaint, (Doc. No. 1).

4. The Clerk is directed to mail a copy of the Complaint, (Doc. No. 1), and a new Section 1983 complaint form to Plaintiff.

5. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant **Kalinski**

who is a current or former employee of NC DPS.

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge